IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JEFFREY FRAZIER, an individual; and SENTINEL AIR MEDICAL ALLIANCE, LLC, a Wyoming limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>EAGLE AIR MED CORPORATION, a Utah corporation; and VALLEY MED FLIGHT, INC., a North Dakota corporation; and DOES 1–50,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE PLAINTIFFS' PROPOSED EXPERT RONALD LUKE**<br><br>Case No. 2:22-CV-00300-TS-DAO<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants Eagle Air Med Corporation's ("Eagle") and Valley Med Flight, Inc.'s ("Valley") Motion to Exclude Plaintiffs' Proposed Expert.[1] The Motion seeks to exclude the testimony of proposed expert witness Ronald Luke ("Dr. Luke"), who was retained by Plaintiffs Jeffrey Frazier ("Frazier") and Sentinel Air Medical Alliance, LLC ("Sentinel") under Fed. R. Evid. 702.[2] For the reasons discussed below, the Court will deny Defendants' Motion.

I. BACKGROUND

Plaintiffs served Defendants with Ronald Luke's expert witness report on April 24, 2023, and served a second supplemental disclosure on June 20, 2023.[3] Defendants filed a Motion to

---

[1] Docket No. 72.

[2] Docket No. 64.

[3] Docket Nos. 54 and 58.

Exclude Plaintiffs' Proposed Expert Ronald Luke on October 12, 2023.[4] Defendants' Motion seeks to exclude Ronald Luke's testimony and report based on its alleged unreliability.[5]

## II. STANDARD OF REVIEW

Federal Rule of Evidence 702 allows an expert to testify if the proponent has demonstrated by a preponderance of the evidence that:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.[6]

Although the standard under Rule 702 is "liberal . . . regarding expert qualifications,"[7] "[t]he proponent of expert testimony bears the burden of showing that the testimony is admissible."[8]

Rule 702 "imposes upon the trial judge an important 'gate-keeping' function with regard to the admissibility of expert opinions."[9] This involves a two-step analysis.[10] The district court "must first determine whether the expert is qualified 'by knowledge, skill, experience, training,

---

[4] Docket No. 72.

[5] *Id.* at 4.

[6] Fed. R. Evid. 702.

[7] *Fowers Fruit Ranch, LLC v. Bio Tech Nutrients, LLC*, No. 2:11-CV-105-TC, 2015 WL 2201715, at *1 (D. Utah May 11, 2015) (quoting *United States v. Gomez,* 67 F.3d 1515, 1526 (10th Cir. 1995)).

[8] *Id.* (quoting *Conroy v. Vilsack*, 707 F.3d 1163, 1168 (10th Cir. 2013)) (alteration in original).

[9] *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1307 (10th Cir. 2015) (quoting *Ralston v. Smith & Nephew Richards Inc.*, 275 F.3d 965, 969 (10th Cir. 2001)); *see generally Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579 (1993).

[10] *See United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc).

or education' to render an opinion."[11] "Preliminary questions concerning the qualification of a person to be a witness . . . should be established by a preponderance of proof."[12] Second, "the court must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology, as set forth in *Daubert*."[13]

"Under Rule 702, a district court must satisfy itself that the proposed expert testimony is both reliable and relevant, in that it will assist the trier of fact, before permitting a jury to assess such testimony."[14] However, "[a]t the Rule 702 gatekeeping stage, district courts must avoid weighing the credibility or persuasiveness of the competing experts' ultimate conclusions."[15]

### III.  DISCUSSION

Defendants' Motion primarily addresses the reliability of Dr. Luke's expert testimony[16] and does not challenge the qualifications of Dr. Luke. Defendants argue that (1) "Dr. Luke's opinions regarding Sentinel's lost profits damages are unreliable and inadmissible under Rule 702[,]" and (2) "any opinion [Dr. Luke] might try to offer on the litigation-related damages would be unhelpful and inadmissible."[17] Plaintiffs counter that Dr. Luke is a highly qualified

---

[11] *Id.* (quoting Fed. R. Evid. 702).

[12] *Daubert*, 509 U.S. at 592 n.10.

[13] *Nacchio,* 555 F.3d at 1241 (citing *United States v. Rodriguez–Felix,* 450 F.3d 1117, 1123 (10th Cir. 2006)).

[14] *Rodriguez–Felix,* 450 F.3d at 1122 (citing Fed. R. Evid. 702).

[15] *Heer v. Costco Wholesale Corp.*, 589 F. App'x. 854, 862 (10th Cir. 2014) (citation omitted).

[16] Fed. R. Evid. 702(b)–(d) ("A witness who is qualified as an expert . . . may testify if . . . it is more likely than not that: . . . the testimony is based on sufficient facts or data; . . . the testimony is the product of reliable principles and methods; . . . and the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.").

[17] Docket No. 72, at 4–5.

expert witness and his report is properly calculated and reliable. Accordingly, they ask the Court to deny the Motion in its entirety.

The Rule 702 "gatekeeper function requires the judge to assess the reasoning and methodology underlying the expert's opinion, and determine whether it is both scientifically valid and applicable to a particular set of facts."[18] The Tenth Circuit has summarized this standard in the following way:

> The plaintiff need not prove that the expert is undisputably correct or that the expert's theory is 'generally accepted' in the scientific community. Instead, the plaintiff must show that the method employed by the expert in reaching the conclusion is scientifically sound and that the opinion is based on facts which sufficiently satisfy Rule 702's reliability requirements.[19]

Defendants argue that "Dr. Luke's lost profit opinions rest on unreasonable assumptions that are unsupported by the record" and "Dr. Luke fails to properly account for other factors that might affect the amount and existence of Sentinel's alleged lost profits."[20] According to Defendants, Dr. Luke did not use a discount rate that accounted for certain risk factors in his calculations that other experts use in similar analyses, and he used a ten-year time period for his calculations.[21] Plaintiffs argue that Dr. Luke's method of analysis is reasonable and note that it includes a "year-by-year table that permits the jury to calculate total loss based on its determination of the duration of the effects of Defendants' lawsuit on Sentinel's business."[22]

---

[18] *Dodge v. Cotter Corp.,* 328 F.3d 1212, 1221 (10th Cir. 2003).

[19] *Truck Ins. Exch. v. Magnetek, Inc.*, 360 F.3d 1206, 1210 (10th Cir. 2004) (citing *Mitchell v. Gencorp Inc.*, 165 F.3d 778, 781 (10th Cir. 1999)); *see also BC Tech., Inc. v. Ensil Intern. Corp.*, 464 F. App'x 689, 703 (10th Cir. 2012) (unpublished).

[20] Docket No. 72, at 5, 8.

[21] *Id.* at 8–9.

[22] Docket No. 79, at 10–11.

The fact that Dr. Luke's opinion and analysis take into account facts that are still in dispute does not justify exclusion of his expert testimony and report."[I]f determining 'reliability' requires the court to decide which party's facts are more believable, then the court cannot exclude the expert but must leave it to the fact finder to determine the facts and how much weight to afford the expert's testimony based on that factual determination."[23] Defendants can more appropriately use cross-examination and the competing testimony of their economic expert to make their arguments concerning the alleged unreliability of Dr. Luke's testimony at trial. There is no evidence in the record to indicate Dr. Luke's testimony is not "scientifically sound" such that it does not "sufficiently satisfy Rule 702's reliability requirements."[24]

As for the litigation expense damages, Defendants seek to exclude Dr. Luke's inclusion of the litigation expense damages because he does not calculate, analyze, or offer expert opinion related to these damages. There is no indication in the report that Dr. Luke himself calculated the litigation expense damages; rather, he merely includes the previously calculated litigation expenses in his lost profits analysis based on the other information in the record. Defendants do not dispute that there is evidence in the record supporting the litigation expenses.[25] Therefore, Defendants do not provide grounds for the exclusion of litigation expenses in Dr. Luke's report at this point.

The Court has reviewed Dr. Luke's expert report and finds that he had a reasonable basis for reaching his conclusions regarding Sentinel's lost profits damages. Any perceived

---

[23] *U.S. Magnesium, LLC v. ATI Titanium, LLC*, No. 2:17-cv-00923-HCN-JCB, 2021 WL 615412, at *3 (D. Utah Feb. 17, 2021).

[24] *Truck Ins. Exch.*, 360 F.3d at 1210.

[25] Docket No. 88, at 12.

weaknesses in his analysis go to the weight rather than admissibility of his opinion and can be addressed through cross-examination. Therefore, the Court will deny Defendants' Motion.

## IV. CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Exclude Testimony of Plaintiffs' Proposed Expert Ronald Luke is DENIED.

DATED this 27th day of August, 2024.

BY THE COURT:

_____
TED STEWART
United States District Judge