IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JEFFREY FRAZIER, an individual; and SENTINEL AIR MEDICAL ALLIANCE, LLC, a Wyoming limited liability company,<br><br>       Plaintiffs,<br><br>v.<br><br>EAGLE AIR MED CORPORATION, a Utah corporation; and VALLEY MED FLIGHT, INC., a North Dakota corporation; and DOES 1–50,<br><br>       Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO EXCLUDE PLAINTIFFS' PROPOSED EXPERT JANE BAMBAUER**<br><br><br>Case No. 2:22-CV-00300-TS-DAO<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants Eagle Air Med Corporation ("Eagle") and

Valley Med Flight, Inc.'s ("Valley") Motion to Exclude Plaintiffs' Proposed Expert.[1] The

Motion seeks to exclude the testimony of proposed expert witness Jane Bambauer, a law

professor who was retained by Plaintiffs Jeffrey Frazier ("Frazier") and Sentinel Air Medical

Alliance, LLC ("Sentinel"), under Fed. R. Evid. 702. For the reasons discussed below, the Court

will grant Defendants' Motion.

I. BACKGROUND

Plaintiffs bring a claim for wrongful use of civil proceedings. A claim for wrongful use of

civil proceedings requires a plaintiff to show, among other things, that the defendant acted

without probable cause.[2] Professor Bambauer's proposed testimony seeks to opine as to the

existence (or lack thereof) of probable cause for the claims in the underlying suit.

---

[1] Docket No. 73.

[2] *Gilbert v. Ince*, 1999 UT 65, ¶ 19, 981 P.2d 841 (citing Rest. (Second) of Torts § 674).

## II. STANDARD OF REVIEW

Federal Rule of Evidence 702 allows an expert to testify if the proponent has

demonstrated by a preponderance of the evidence that:

> **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> **(b)** the testimony is based on sufficient facts or data;
> **(c)** the testimony is the product of reliable principles and methods; and
> **(d)** the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.[3]

Although the standard under Rule 702 is "liberal . . . regarding expert qualifications,"[4]

"[t]he proponent of expert testimony bears the burden of showing that the testimony is

admissible."[5]

Rule 702 "imposes upon the trial judge an important 'gate-keeping' function with regard

to the admissibility of expert opinions."[6] This involves a two-step analysis.[7] The district court

"must first determine whether the expert is qualified 'by knowledge, skill, experience, training,

or education' to render an opinion."[8] "Preliminary questions concerning the qualification of a

person to be a witness . . . should be established by a preponderance of proof."[9] Second, "the

---

[3] Fed. R. Evid. 702.

[4] *Fowers Fruit Ranch, LLC v. Bio Tech Nutrients, LLC*, No. 2:11-CV-105-TC, 2015 WL 2201715, at *1 (D. Utah May 11, 2015) (quoting *United States v. Gomez,* 67 F.3d 1515, 1526 (10th Cir. 1995)).

[5] *Id.* (quoting *Conroy v. Vilsack*, 707 F.3d 1163, 1168 (10th Cir. 2013)) (alteration in original).

[6] *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1307 (10th Cir. 2015) (quoting *Ralston v. Smith & Nephew Richards Inc.*, 275 F.3d 965, 969 (10th Cir. 2001)); *see generally Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579 (1993).

[7] *See United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc).

[8] *Id.* (quoting Fed. R. Evid. 702).

[9] *Daubert*, 509 U.S. at 592 n.10.

court must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology, as set forth in *Daubert*."[10]

"Under Rule 702, a district court must satisfy itself that the proposed expert testimony is both reliable and relevant, in that it will assist the trier of fact, before permitting a jury to assess such testimony."[11] However, "[a]t the Rule 702 gatekeeping stage, district courts must avoid weighing the credibility or persuasiveness of the competing experts' ultimate conclusions."[12]

## III. DISCUSSION

While Rule 702 allows expert testimony to "help the trier of fact to understand the evidence or to determine a fact issue,"[13] the Court must consider "whether the expert encroached upon the trial court's authority to instruct the jury on the applicable law."[14] Further, in helping the trier of fact understand the issues, "[a]n expert may not state legal conclusions drawn by applying the law to the facts, but an expert may refer to the law in expressing his or her opinion."[15]

Under Fed. R. Evid. 704, "[a]n opinion is not objectionable just because it embraces an ultimate issue." However, the comments to Rule 704 "emphasize that testimony on ultimate questions of law is not favored."[16] "[Other] courts have decried the latter kind of testimony as

---

[10] *Nacchio,* 555 F.3d at 1241 (citing *United States v. Rodriguez–Felix,* 450 F.3d 1117, 1123 (10th Cir. 2006)).

[11] *Rodriguez–Felix,* 450 F.3d at 1122–23 (citing Fed. R. Evid. 702).

[12] *Heer v. Costco Wholesale Corp.*, 589 F. App'x. 854, 862 (10th Cir. 2014) (citation omitted).

[13] Fed. R. Evid. 702(a).

[14] *Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1988).

[15] *United States v. Bedford*, 536 F.3d 1148, 1158 (10th Cir. 2008) (internal quotation marks and citations omitted).

[16] *Specht*, 853 F.2d at 808; *see* Fed. R. Evid. 704 notes ("The abolition of the ultimate issue rule does not lower the bars so as to admit all opinions." There are other provisions in the

directing a verdict, rather than assisting the jury's understanding and weighing of the evidence."[17]

The Tenth Circuit has emphasized that there is a "clear line between permissible testimony on issues of fact and testimony that articulates the ultimate principles of law governing the deliberations of the jury."[18] "The line between a permissible opinion on an ultimate issue and an impermissible legal conclusion is not always easy to discern."[19] However, it is generally accepted that "an expert may not state legal conclusions drawn by applying the law to the facts."[20]

The court concluded in *Specht* that an expert attorney "was improperly allowed to instruct the jury on how it should decide [a] case" involving an allegedly unlawful search of the plaintiffs' home and office when his testimony "developed . . . the conclusion that defendants violated plaintiffs' constitutional rights."[21] "After testimony had been presented by the plaintiffs to establish the underlying facts," the expert gave testimony about whether "he believed that a search took place in the plaintiffs' home and business."[22] In reaching his conclusion, the expert

---

Federal Rules of Evidence which "afford ample assurances against the admission of opinions which would merely tell the jury what to reach," including Fed. R. Evid. 701, 702, and 403.).

[17] *Specht*, 853 F.2d at 808; *see also Klein v. Justin D. Heideman, LLC*, 574 F. Supp. 3d 1006, 1012 (D. Utah 2021) (excluding the expert from testifying in the case because "[h]is expert opinions [were] nothing more than legal analysis aimed at instructing the law, how the facts and evidence should be applied to the law, and how the case should ultimately be decided").

[18] *Specht*, 853 F.2d at 808.

[19] *United States v. Richter*, 796 F.3d 1173, 1195 (10th Cir. 2015) (citing *United States v. McIver*, 470 F.3d 550, 562 (4th Cir. 2006)).

[20] *A.E. ex rel. Evans v. Indep. Sch. Dist. No. 25*, 936 F.2d 472, 476 (10th Cir. 1991) (citations omitted); *see also United States v. Vreeken*, 803 F.2d 1085, 1091 (10th Cir. 1986) ("[Q]uestions of law are the subject of the court's instructions and not the subject of expert testimony.") (citations omitted).

[21] *Specht*, 853 F.2d at 808.

[22] *Id.* at 806.

"told the jury that warrantless searches are unlawful, that defendants committed a warrantless search on plaintiffs' property, and that the only applicable exception to the warrant requirement, search by consent, should not vindicate the defendants because no authorized person voluntarily consented to allow a search of the premises."[23] Thus, the Tenth Circuit held that "the trial court allowed the expert to supplant both the court's duty to set forth the law and the jury's ability to apply this law to the evidence" by allowing the expert to give testimony of this "array of legal conclusions touching upon nearly every element of the plaintiffs' burden of proof."[24]

Here, the expert testimony at issue is like that of the expert in *Specht*. Professor Bambauer's proposed testimony seeks to apply the law to the evidence in a way that invades both the province of the Court and the jury. While Professor Bambauer is eminently qualified, her expert report reads like a motion for summary judgment or the answer to a law school exam (though not a challenging one in Professor Bambauer's estimation).[25] Professor Bambauer "cites to and discusses the analysis and holdings of case law, and then [s]he applies this legal authority to selected facts and evidence to reach legal conclusions. [Her] expert opinions are nothing more than legal analysis aimed at instructing on the law, how the facts and evidence should be applied to the law, and how the case should ultimately be decided."[26] Allowing Professor Bambauer to testify in this manner would usurp the Court's role in instructing the jury and would improperly dictate to the jury the conclusion it should reach. As such, her testimony is subject to exclusion.[27]

---

[23] *Id.* at 808.

[24] *Id.*

[25] Docket No. 73-3, at 17.

[26] *Klein*, 574 F. Supp. 3d at 1012.

[27] *Lyons v. Bustos*, 951 F.2d 1259, at *2 (10th Cir. 1991) (unpublished table decision) (affirming decision to exclude "the testimony of plaintiff's expert witnesses on the issue of probable cause").

IV. CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Exclude Testimony of Plaintiffs' Proposed

Expert Jane Bambauer (Docket No. 73) is GRANTED.

DATED this 27th day of August, 2024.

BY THE COURT:

_____
TED STEWART
United States District Judge

6