IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JEFFREY FRAZIER, an individual; and SENTINEL AIR MEDICAL ALLIANCE, LLC, a Wyoming limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>EAGLE AIR MED CORPORATION, a Utah corporation; and VALLEY MED FLIGHT, INC., a North Dakota corporation; and DOES 1–50,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br><br>Case No. 2:22-CV-00300-TS-DAO<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants Eagle Air Med Corporation's and Valley Med Flight, Inc.'s Motion for Summary Judgment. For the reasons discussed below, the Court will grant in part and deny in part Defendants' Motion.

## I. BACKGROUND

This case involves tort claims, including wrongful use of civil proceedings, abuse of process, tortious interference, and conspiracy related to prior litigation between the parties. In 2016, Defendants Eagle Air Med Corporation ("Eagle") and Valley Med Flight, Inc. ("Valley") (collectively, "Defendants") brought suit against Plaintiffs Jeffrey Frazier ("Frazier") and Sentinel Air Medical Alliance, LLC ("Sentinel") (collectively, "Plaintiffs") for defamation and other similar claims ("the Underlying Action").

Defendants provide air medical services and specialize in the emergency care and transport of patients that need transportation from small rural area hospitals to larger care

facilities in metropolitan areas.[1] Plaintiff Sentinel is a limited liability company who provides information to health insurance companies and benefit plan administrators so they can determine how much to reimburse air ambulance companies for their services.[2] Frazier is one of the members of Sentinel.[3]

Defendants filed the Underlying Action in 2016 in response to claim review letters sent and statements made by Plaintiffs concerning Defendants' claims for payment for air ambulance services.[4] Defendants alleged that "[Plaintiffs] made false and defamatory statements concerning the rates they charged to transport patients, the medical necessity of the flights, and their billing practices."[5] Accordingly, Defendants brought state law claims of defamation, false light, and tortious interference with economic relations against Plaintiffs.[6]

After Plaintiffs moved for summary judgment, Judge Tena Campbell initially granted partial summary judgment, holding that some of the statements by Plaintiffs were capable of carrying a defamatory meaning;[7] however, following Plaintiffs' motion for reconsideration, Judge Campbell reversed her decision and granted Plaintiffs' summary judgment in its entirety, finding that the statements "were protected matters of opinion."[8] Following the grant of

---

[1] Docket No. 4 ¶¶ 4–7.

[2] *Id.* ¶¶ 2–3, 13; *see also Eagle Air Med. Corp. v. Sentinel Air Med. Alliance, LLC*, No. 2:16-cv-00176-TC-EJF, 2019 WL 4140918, at *1 (D. Utah Aug. 30, 2019) ("Specifically, Sentinel reviews claims for air ambulance transports and advises on the medical necessity of the flights and the reasonableness of the billed charges.").

[3] Docket No. 4 ¶ 3.

[4] Docket No. 66 ¶¶ 2–3; *see also Eagle Air Med. Corp.*, 2019 WL 4140918, at *1.

[5] *Eagle Air Med. Corp.*, 2019 WL 4140918, at *1.

[6] *Id.*

[7] Docket No. 66 ¶ 6; *Eagle Air Med. Corp.*, 2019 WL 4140918, at *14.

[8] Docket No. 66 ¶¶ 8–10; *Eagle Air Med. Corp. v. Sentinel Air Med. All., LLC*, 2:16-cv-00176-TC-EJF, 2019 WL 6879252, at *10 (D. Utah Dec. 17, 2019).

summary judgment, all claims were dismissed, judgment was entered in favor of Plaintiffs, and Plaintiffs were awarded $40,866.84 in total costs.[9]

Plaintiffs filed the present action against Defendants on June 22, 2021, asserting claims for wrongful use of civil proceedings, abuse of process, tortious interference with economic relations, and civil conspiracy based on the Underlying Action.

Defendants filed their Motion for Summary Judgment on September 11, 2023, seeking judgment in their favor on all claims or, alternatively, an order precluding Plaintiffs from recovering emotional distress or lost profits damages.[10] Plaintiffs responded opposing the Motion on October 26, 2023.[11] Defendants filed a reply on November 29, 2023.[12]

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13] In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[14] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[15] And "once the movant points out an absence of proof

---

[9] No. 2:16-cv-00176-TC, Docket No. 474.

[10] Docket No. 66.

[11] Docket No. 77.

[12] Docket No. 87.

[13] Fed. R. Civ. P. 56(a).

[14] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[15] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

on an essential element of the nonmovant's case, the burden shifts to the nonmovant to provide evidence to the contrary."[16]

### III. DISCUSSION

A. Wrongful Use of Civil Proceedings

Utah courts have recognized that the wrongful civil proceedings tort has the potential for a "chilling effect" on a party's willingness to bring a civil claim to court and thus is a disfavored cause of action.[17] A claim for wrongful use of civil proceedings requires a plaintiff to show that (1) the prior proceedings terminated in their favor, and (2) the defendant "act[ed] without probable cause, and primarily for a purpose other than that of securing the proper adjudication of the claim."[18]

The parties focus their arguments on the probable cause element of the wrongful use of civil proceedings tort. Probable cause "in this context means [(1)] a reasonable belief 'in the existence of the facts upon which the claim is based' and [(2)] a correct or reasonable belief 'that under those facts the claim may be valid under the applicable law.'"[19] The probable cause requirement is not demanding and "requires no more than a reasonable belief that there is a *chance* that a claim may be held valid upon adjudication."[20] Typically, "[t]he issue of whether

---

[16] *Hall v. Bellmon*, 935 F.2d 1106, 1111 n.5 (10th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

[17] *Anderson Dev. Co. v. Tobias*, 2005 UT 36, ¶ 59, 116 P.3d 323 (internal quotation marks and citations omitted).

[18] *Gilbert v. Ince*, 1999 UT 65, ¶ 19, 981 P.2d 841 (quoting Rest. (Second) of Torts § 674).

[19] *Burbidge Mitchel & Gross v. Peters*, 622 F. App'x 749, 753 (10th Cir. 2015) (quoting *Gilbert*, 1999 UT 65, ¶19).

[20] *Id.* (quoting *Pro. Real Est. Invs., Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 62–63 (1993)).

probable cause exists is a legal determination for the Court to make."[21] However, only "[w]here . . . there is no dispute over the predicate facts of the underlying legal proceeding" may a court "decide probable cause as a matter of law."[22]

In *Gilbert v. Ince*, the plaintiff was an attorney who was sued for malpractice after allegedly failing to ensure that her prior client's security interest was properly perfected.[23] One claim in the malpractice suit was resolved in plaintiff's favor on summary judgment, and the other claim was dismissed with prejudice upon agreement by the plaintiff.[24] Plaintiff then filed a suit for wrongful use of civil proceedings, and the Utah Supreme Court affirmed the trial court's directed verdict in defendant's favor. The court found that "there were objective facts that reasonably could have been interpreted as evidence that [the plaintiff] failed to perform her duties as [an] attorney"[25] and held that the plaintiff "failed to present evidence [of a lack of probable cause] upon which the court or the jury could rule in her favor."[26]

Defendants argue that Plaintiffs' claim for wrongful use of civil proceedings fails because there is no evidence that Defendants acted without probable cause in pursuing the Underlying Action.[27] The parties agree that Plaintiffs sent the claim letters and made the statements at issue

---

[21] *McCoy v. United States*, No. 2:16-CV-487-TS, 2016 WL 4769349, at *2 (D. Utah Sept. 13, 2016).

[22] *Pro. Real Est. Invs., Inc.*, 508 U.S. at 63; *see also McKibben v. Schmotzer*, 700 A.2d 484, 492–93 (Pa. Super. Ct. 1997) ("Usually, the existence of probable cause is a question of law for the court rather than a jury question, but may be submitted to the jury when facts material to the issue of probable cause are in controversy.") (internal quotation marks and citation omitted)).

[23] 1999 UT 65, ¶¶ 8–11.

[24] *Id.* ¶ 12.

[25] *Id.* ¶ 24.

[26] *Id.* ¶ 20.

[27] Docket No. 66, at 12.

in the Underlying Action.[28] Defendants believed those statements were defamatory and harmful to their business. Therefore, Defendants argue, there can be no dispute that they reasonably believed in the existence of the facts upon which the defamation claim was based. Defendants also emphasize the inherent difficulty even the courts face in determining whether a statement is one of fact or non-actionable rhetoric or opinion.[29] Further, Defendants note, "[e]ven Judge Campbell initially found that the profit margins statements were 'capable of carrying a defamatory meaning'" before reconsidering her decision and finding the statements were non-actionable opinion.[30]

Plaintiffs counter that summary judgment is inappropriate because a reasonable jury could find that Defendants lacked probable cause and thus brought the Underlying Action for a purpose other than proper adjudication.[31] Plaintiffs point to the deposition testimony of Joe Hunt, the owner of both Defendant companies at the time the Underlying Action was filed, and argues that a jury could infer a lack of probable cause because of Mr. Hunt's inability or unwillingness to state legitimate reasons for filing the Underlying Action.[32]

Mr. Hunt was responsible for the decision to file the Underlying Action.[33] Mr. Hunt stated in his deposition that he did not recall making the decision to initiate the Underlying Action against Plaintiffs, could not recall why the Underlying Action was initiated, could not

---

[28] *Id.* at 14–15.

[29] *Id.* at 17 (citing *SME Steel Contractors, Inc. v. Seismic Bracing Co., LLC*, No. 2:17-cv-00702-RJS-DAO, 2023 WL 4463246, at *25 (D. Utah July 11, 2023); *Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, No. 00 Civ. 3613 (LAP), 2004 WL 1943099, at *20 (S.D.N.Y. Aug. 27, 2004)).

[30] *Id.* at 17–18.

[31] Docket No. 77, at 29–31.

[32] *Id.* at 24.

[33] *Id.*; Docket No. 67-3, at 65:22–66:11.

articulate how the Plaintiffs were allegedly hurting them, could not name the entity that his companies sued, and had never read the complaint in the Underlying Action.[34] Therefore, Plaintiffs argue that Defendants were either unable or unwilling to divulge their reasons for filing the Underlying Action. Additionally, Plaintiffs argue that in the prior litigation Judge Campbell held that no reasonable juror could find for Defendants on claims stemming from the profit margin statements, and only an irrational mind could be persuaded by the Defendants' argument.[35] Therefore, Plaintiffs argue, a jury could reasonably infer that the suit was filed for a purpose other than securing a proper adjudication of the claim,[36] such as the desire to "attack, punish, deter, and undermine Plaintiffs."[37]

Unlike in *Gilbert* where the plaintiff failed to present enough evidence showing a potential lack of probable cause, here Plaintiffs have put forth sufficient evidence to show that a reasonable jury could find that Defendants filed the Underlying Action for an improper purpose other than a proper adjudication of the claim. Therefore, Plaintiffs have demonstrated a dispute of predicate facts to render summary judgment by the Court inappropriate at this point. The Court will therefore decline to grant summary judgment to Defendants on the wrongful use of civil proceedings claim.

---

[34] Docket No. 77–4, at 86:3–89:11.

[35] Docket No. 77, at 36.

[36] *Id.* at 25.

[37] *Id.* at 28.

B. Abuse of Process

Plaintiffs note that they do not contest summary judgment on the abuse of process claim.[38] Defendants argue that the acts Plaintiffs claim have an improper purpose are insufficient to establish an abuse of process.[39]

A party must prove two elements to establish an abuse of process claim: "(1) an ulterior purpose in bringing the suit, and (2) a wilful act in the use of the process not proper in the regular conduct of the proceedings."[40] "To satisfy the 'wilful act' requirement, a party must point to conduct independent of legal process itself that corroborates the alleged improper purpose."[41] In other words, there must be some other act outside of the legal proceedings that confirms the "improper ulterior motive for employing legal process against the plaintiff[,]"[42] such as "some form of extortion, using the process to put pressure upon the other."[43]

The only act that Plaintiffs identify to support an abuse of process claim is the filing of the Underlying Action.[44] The filing of an action alone is not enough to support an abuse of process claim. An abuse of process claim requires that a party misuse or misapply process, rather than "causing process to issue without justification."[45]

---

[38] *Id.* at 8 n.1.

[39] Docket No. 66, at 27.

[40] *Rusakiewicz v. Lowe*, 556 F.3d 1095, 1103 (10th Cir. 2009).

[41] *Hatch v. Davis*, 2006 UT 44, ¶ 39, 147 P.3d 383 (citation omitted).

[42] *Id.* ¶ 40.

[43] *Am. Agencies, LLC v. Sloan*, No. 2:13-cv-00283-JNP-CMR, 2020 WL 7024911, at *10 (D. Utah Nov. 30, 2020) (internal quotation marks and citation omitted).

[44] Docket No. 4 ¶¶ 29–31.

[45] *Keller v. Ray, Quinney & Nebeker*, 896 F. Supp. 1563, 1570 (D. Utah 1995) (internal quotation marks and citation omitted).

Because there is no evidence of an improper act by Defendants sufficient to support an abuse of process claim, the Court will grant summary judgment in favor of Defendants on this claim.

C. Tortious Interference

Tortious interference requires three elements: "(1) that the defendant intentionally interfered with the plaintiff's existing or potential economic relations", (2) "that the interference was accomplished by improper means[,]" and (3) that the defendant's conduct caused injury to the plaintiff.[46] Utah courts have "defined improper means narrowly to include only those actions that are contrary to law, such as violations of statutes, regulations, or recognized common-law rules, or actions that violate an established standard of a trade or profession."[47]

Plaintiffs do not contest summary judgment on Defendants' tortious interference claim.[48] Defendants argue there are no "improper means" to support the tortious interference claim, and there is no evidence that the Underlying Action caused injury to Plaintiffs.[49]

Plaintiffs allege in the Complaint that Defendants intentionally interfered with Sentinel's economic relations by filing the Underlying Action. The filing of the Underlying Action is the only example of interference Plaintiffs offer to support their tortious interference claim. Because the filing of a civil action is not enough alone to support a tortious interference claim, the Court will grant summary judgment in Defendants' favor.

---

[46] *Celtig, LLC v. Patey*, 347 F. Supp. 3d 976, 986–87 (D. Utah 2018) (citation omitted).

[47] *C.R. England v. Swift Transp. Co.*, 2019 UT 8, ¶ 42, 437 P.3d 343 (internal quotation marks and citation omitted).

[48] Docket No. 77, at 8 n.1.

[49] Docket No. 66, at 30–32.

D. Civil Conspiracy

A civil conspiracy claim requires a plaintiff to show "'(1) a combination of two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as a proximate result thereof.'"[50]

Plaintiffs also do not contest summary judgment on the civil conspiracy claim.[51] Defendants argue that Plaintiffs' civil conspiracy claim fails because Defendants are incapable of conspiring with each other.

Under the intracorporate conspiracy doctrine, "a corporation cannot conspire with its employees."[52] And, "[a]s a general rule, 'it is not possible for a single entity consisting of the corporation and its agents to conspire with itself,' because they do not constitute two separate persons."[53] Defendants argue, and Plaintiffs do not dispute, that Eagle Air and Valley were owned by two trusts with the same trustee at the time the Underlying Action was filed, and AMRG Acquisition LLC later acquired both companies and remains their direct parent.[54] Because it appears that the two parties have not operated with the necessary separateness to form a conspiracy, the Court will grant summary judgment on the civil conspiracy claim in favor of Defendants.

---

[50] *Estrada v. Mendoza*, 2012 UT App 82, ¶ 13, 275 P.3d 1024 (quoting *Peterson v. Delta Air Lines, Inc.*, 2002 UT App 56, ¶ 12, 42 P.3d 1253).

[51] Docket No. 77, at 8 n.1.

[52] *Cox v. Cache Cnty.*, No. 1:08-cv-124-CW, 2013 WL 4854450, at *3 (D. Utah Sept. 11, 2013) (citing *Zelinger v. Uvalde Rock Asphalt Co.*, 316 F.2d 47, 52 (10th Cir. 1963)).

[53] *Tomlinson v. NCR Corp.*, 2013 UT App 26, ¶ 18, 296 P.3d 760 *rev'd on other grounds*, 2014 UT 55, 345 P.3d 523, (quoting *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000)).

[54] Docket No. 66 ¶¶ 16–18.

E. Emotional Distress Damages and Lost Profits

Defendants argue that they are entitled to partial summary judgment barring Plaintiffs from obtaining Frazier's emotional distress damages and Sentinel's lost profits damages.

As to the emotional distress damages, Defendants argue that Frazier's claim fails because it is solely based on Frazier's testimony of his emotional distress. Plaintiffs counter that Frazier's testimony sufficiently supports his claim for emotional distress damages.

While conclusory allegations are generally insufficient to plead or prove a specific loss, the Tenth Circuit has indicated that "medical or other expert evidence [is] not required to prove emotional distress."[55] "A plaintiff's own testimony, along with circumstances of a particular case, can suffice to sustain the plaintiff's burden in this regard."[56] For example, to support an award of emotional distress damages, the plaintiff in *O'Neal* testified at trial "about his inability to sleep and loss of appetite which continued through the trial."[57] The plaintiff's wife corroborated the plaintiff's testimony.[58] The court found that this testimony "enabled the jury to reasonably determine" the plaintiff's emotional distress.[59]

Frazier's evidence of his emotional distress damages includes his deposition testimony of the stress the Underlying Action caused.[60] His personal testimony is sufficient evidence to enable

---

[55] *O'Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1257 n.1 (10th Cir. 2001) (citing *Roberts v. Roadway Exp., Inc.*, 149 F.3d 1098, 1105 n.4 (10th Cir. 1998)).

[56] *Kim v. Nash Finch Co.*, 123 F.3d 1046, 1065 (8th Cir. 1997) (internal quotation marks and citations omitted).

[57] *O'Neal*, 237 F.3d at 1257.

[58] *Id.*

[59] *Id.*

[60] *See* Docket No. 77, at 12–15.

a jury to reasonably determine whether emotional distress damages should be awarded. The Court will therefore deny summary judgment on the issue of emotional distress damages.

Defendants also contend that Sentinel's claim for lost profits fails because Sentinel cannot establish their lost profits with reasonable certainty. Defendants object to Plaintiffs' use of Dr. Ronald Luke as an economic expert. For the reasons discussed in the Court's Memorandum Decision and Order Denying Defendants' Motion to Exclude Plaintiffs' Proposed Expert Ronald Luke, the expert report prepared by Dr. Luke is not excludable.

Whether a defendant caused lost profits is generally a question of fact for the jury.[61] A plaintiff must show its lost profits only with "sufficient certainty that reasonable minds might believe from a preponderance of the evidence that the damages were actually suffered."[62] Plaintiffs' economic expert Dr. Ronald Luke prepared an economic loss analysis and report regarding the lost profits Sentinel claims. Any remaining questions regarding the unreliability or uncertainty of the lost profits damages can be resolved at trial through cross-examination and the testimony of Defendants' competing expert. The Court will deny summary judgment in Defendants' favor on Sentinel's lost profits damages.

## IV. CONCLUSION

It is therefore

ORDERED that Defendants' Motion for Summary Judgment (Docket No. 66) is GRANTED IN PART and DENIED IN PART as set forth above. It is further

ORDERED that Plaintiffs' Motions for Hearing (Docket Nos. 85 & 90) are DENIED as moot.

---

[61] *Mahmood v. Ross*,1999 UT 104, ¶ 22, 990 P.2d 933.

[62] *Cook Assocs., Inc. v. Warnick*, 664 P.2d 1161, 1165 (Utah 1983) (internal quotation marks and citation omitted).

DATED this 27th day of August, 2024.

BY THE COURT:

_____

TED STEWART
United States District Judge