IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JEFFREY FRAZIER, an individual; and SENTINEL AIR MEDICAL ALLIANCE, LLC, a Wyoming limited liability company,<br><br>Plaintiffs<br><br>v.<br><br>EAGLE AIR MED CORPORATION, a Utah corporation; and VALLEY MED FLIGHT, INC., a North Dakota corporation; and DOES 1–50,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER OR, IN THE ALTERNATIVE, AMEND ORDER AND CERTIFY FOR APPEAL<br><br>Case 2:22-cv-00300-TS-DAO<br><br>District Judge Ted Stewart<br>Magistrate Judge Daphne A. Oberg |

This matter comes before the Court on Defendants' Eagle Air Med Corporation and Valley Med Flight, Inc. Motion to Reconsider or, in the Alternative, Amend Order and Certify for Appeal.[1] Based on the following, the Court denies both Motions.[2]

I. BACKGROUND

In 2016, Defendants sued Plaintiffs, Jeffrey Frazier and Sentinel Air Medical Alliance, LLC, for defamation and other related claims ("the Underlying Action"). After a round of summary judgment motions and a motion to reconsider, the Honorable Tena Campbell granted Plaintiffs' (defendants' in the Underlying Action) motion for summary judgment in its entirety. All claims were dismissed, judgment was entered in Plaintiffs' favor, and Plaintiffs were awarded $40,866.84 in total costs.[3]

---

[1] Docket No. 97.

[2] After careful consideration of the written briefs and the record, the Court concludes that oral argument is not necessary

[3] *Eagle Air Med Corp. v. Sentinel Air Med. All., LLC*, No. 2:16-cv-00176-TC, Docket No. 474.

Based on the Underlying Action, Plaintiffs filed the present action against the Defendants on June 22, 2021, asserting claims for wrongful use of civil proceedings, abuse of process, tortious interference with economic relations, and civil conspiracy.[4]

Defendants filed their Motion for Summary Judgment on September 11, 2023, seeking summary judgment in their favor on all claims or, alternatively, an order precluding Plaintiffs from recovering emotional distress or lost profits damages under any of their claims.[5] After the parties filed their respective responses,[6] the Court granted Defendants' Motion for Summary Judgment in part.[7] Specifically, the Court granted summary judgment for Defendants as to the abuse of process, tortious interference, and civil conspiracy claims, but denied summary judgment on the wrongful use of civil proceedings claim and the emotional distress and lost profits damages.

On September 6, 2024, Defendants filed their Motion to Reconsider or in the Alternative, Amend Order and Certify for Appeal.[8] Defendants seek reconsideration on the wrongful use of civil proceeding claim, but not on the emotional distress and lost profits damages claims.[9] Plaintiffs filed their Response Opposing the Motion on September 30, 2024.[10] On October 4, 2024, Defendants filed their Reply.[11]

---

[4] Docket No. 4.
[5] Docket No. 66.
[6] Docket Nos. 77, 87.
[7] Docket No. 94.
[8] Docket No. 97.
[9] *Id.* at 1 n.2.
[10] Docket No. 100.
[11] Docket No. 103.

II. DISCUSSION

A.  MOTION TO RECONSIDER

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[12] "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[13]

Defendants argue the Court made a clear error when it conflated two elements of Plaintiff's wrongful use of civil proceedings claim. Specifically, Defendants cite to one sentence from the Court's Memorandum and Order to support their argument that the Court did not discuss the probable cause element. Defendants claim this led the Court to conclude incorrectly that there were disputed facts that precluded summary judgment. Plaintiffs respond that despite "semantic quibbles,"[14] the Court correctly decided the issue on the merits and found that Plaintiffs presented genuine issues of fact that preclude summary judgment.

Under Utah law, a claim for wrongful use of civil proceedings requires a plaintiff to show that (1) the prior proceedings terminated in their favor, and (2) the defendant "act[ed] without probable cause[] and primarily for a purpose other than that of securing the proper adjudication of the claim."[15] Both probable cause and improper purpose must be established to succeed on the claim.[16] Normally, "[t]he issue of whether probable cause exists is a legal determination for the

---

[12] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[13] *Id.*

[14] Docket No. 100, at 2.

[15] *Gilbert v. Ince*, 1999 UT 65, ¶19, 981 P.2d 841 (citing Restatement (Second) of Torts § 674 (Am. L. Inst. 1977).

[16] *See id.* at ¶ 28 (stating that the court "need not address" the improper purpose prong when upholding a directed verdict for defendant because plaintiff did not establish probable cause as a matter of law).

court to make"[17] when "there is no dispute over the predicate facts of the underlying legal proceeding."[18] However, the Utah Court of Appeals has declined to adopt a rule that probable cause is always a question of law and has ruled that, if facts are disputed, whether probable cause existed to bring a civil suit can be a jury question.[19]

In its Order, the Court found judgment as a matter of law was improper because the evidence presented a factual dispute. Although the Court discussed the probable cause element throughout its Order, its closing paragraph mentioned only the improper purpose prong, stating, "Plaintiffs have put forth sufficient evidence to show that a reasonable jury could find that Defendants filed the Underlying Action for an improper purpose other than a proper adjudication of the claim."[20] This sentence was the Court's only mention of improper purpose in its analysis. Although the Court mistakenly left out the phrase "probable cause" in the final paragraph of the Order, the Court did not conflate the elements of the claim. The Court intended the paragraph to read thus:

> Unlike in *Gilbert* where the plaintiff failed to present enough evidence showing a potential lack of probable cause, here Plaintiffs have put forth sufficient evidence to show that a reasonable jury could find that Defendants filed the Underlying Action *without probable cause* and for an improper purpose other than a proper adjudication of the claim. Therefore, Plaintiffs have demonstrated a dispute of predicate facts to render summary judgment by the Court inappropriate at this point. The Court will therefore decline to grant summary judgment to Defendants on the wrongful use of civil proceedings claim.[21]

---

[17] *McCoy v. United States*, No. 2:16-CV-487-TS, 2016 WL 4769349, at *2 (D. Utah Sept. 13, 2016).

[18] *Pro. Real Est. Invs., Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 63 (1993).

[19] *Nielsen v. Spencer*, 2008 UT App 375, ¶ 18, 196 P.3d 616 ("[Defendant] could obtain relief [based on the court's plain error] only if [the court] were to conclude that Utah case law . . . has implicitly adopted a clear rule that probable cause be decided by the court as a matter of law. We decline to do so.")

[20] Docket No. 94, at 7.

[21] The Court's intended language is italicized.

Further, Defendants' cited case law discussing what constitutes clear error indicates that the Court's alleged error does not fall within the category of serious issues that led other courts to grant motions to reconsider.[22] Because Defendants have not demonstrated clear error, Defendants' argument does not meet the requirements for reconsideration, the Court will deny the Motion.

B. INTERLOCUTORY APPEAL

Defendants argue that if the Court declines to reconsider, it should amend the Order to permit an interlocutory appeal. Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal if the court "is of the opinion that such order involves [1] a controlling question of law as to which there is [2] substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." "The proponent of an interlocutory appeal bears the burden of establishing that all three of [§ 1292(b)'s] substantive criteria are met."[23]

Although district courts are granted broad discretion in deciding when to certify an order for interlocutory appeal, the "enlargement of the right to appeal should be limited to

---

[22] *See, e.g., Carbajal v. Lucio*, No. 10-cv-02862-PAB-KLM, 2013 WL 7228818 (D. Colo. Dec. 13, 2016) (granting a motion to reconsider in part when previously uncited case law was found relevant to the issue and the court failed to grant summary judgment based on the previous case law); *Dongguk Univ. v. Yale Univ.*, 873 F. Supp. 2d 460 (D. Conn. 2012) (granting a motion to reconsider when the court mistakenly applied the preponderance of the evidence standard rather than the clear and convincing standard); *Porto Venezia Condo. Ass'n, Inc. v. WB Ft. Lauderdale, LLC*, 926 F. Supp. 2d 1330 (S.D. Fla. 2013) (granting a motion to reconsider when the court misapplied case law that did not apply to the parties).

[23] *Freedom Transp., Inc. v. Navistar Int'l Corp.*, No. 2:18-CV-02602-JAR-KGG, 2020 WL 108670, at *2 (D. Kan. Jan. 9, 2020).

extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate final decision of controlling questions encountered early in the action."[24]

First, Defendants argue that there are "controlling questions of law regarding the proper treatment of a wrongful use of civil proceedings claim."[25] "[A] controlling question of law is a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine."[26] To qualify for interlocutory appeal, the question must also be abstract enough to be relevant to similar cases, and the resolution of the question is quite likely to affect the litigation at hand.[27]

Here, Defendants assert the controlling questions are: "(1) whether evidence of a party's alleged improper purpose is relevant to the court's probable cause inquiry; and (2) whether disputed facts regarding improper purpose preclude summary judgment sought on the probable cause element."[28] Defendants' questions isolate one sentence from the Court's Order to show that the Court's reasoning merits an appeal. As discussed above, however, the Court focused on probable cause throughout its Order and did not discuss improper purpose until the last paragraph of the relevant discussion. Therefore, although the Court was not as clear as it could have been in its Order, an appeal to the Tenth Circuit on the controlling questions asserted by Defendants is unlikely to affect the litigation's outcome.

---

[24] *State of Utah ex rel. Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994) (citation omitted).

[25] Docket No. 97, at 9.

[26] *United States v. Intermountain Healthcare, Inc.*, No. 2:20-cv-00372-TC-CMR, 2022 WL 742693, at *1 (D. Utah Mar. 11, 2022) (internal quotation marks and citation omitted).

[27] *See Chamberlain v. Crown Asset Mgmt.*, 622 F. Supp. 3d 1068, 1071 (D. Utah 2022).

[28] Docket No. 97, at 9.

Second, Defendants argue there is substantial ground for a difference of opinion regarding these questions. This standard is met "where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented."[29] Defendants argue they meet the second prong because the Court disagrees with their position[30] However, they do not support their arguments with any relevant case law or controlling support. Although Defendants disagree with the Court's analysis, the questions do not involve novel and difficult questions of law, as the Utah Supreme Court and this Court have addressed the issue multiple times with similar outcomes.[31] Thus, the Court finds that Defendants have not met their burden on this prong.

Third, Defendants argue that immediate appeal will materially advance the ultimate termination of the litigation. Even if the wrongful use of civil procedure issue was resolved on appeal, Defendants did not request reconsideration on the damages claim, which the Court found could not be resolved at the summary judgment stage.[32] Thus, an interlocutory appeal on this issue would not materially advance the litigation's termination.

## III. CONCLUSION

It is therefore

---

[29] *Kell v. Crowther*, No. 2:07-CV-00359-CW, 2018 WL 813449, at *1 (D. Utah Feb. 9, 2018) (internal quotation marks and citation omitted).

[30] Docket No. 97, at 10.

[31] *See Gilbert*, 1999 UT 65; *Nielsen*, 2008 UT App 375; *Burbidge Mitchell & Gross v. Peters*, 622 F. App'x 749, 753 (10th Cir. 2015).

[32] Docket No. 97, at 1 n.2 ("In the Order, the Court also declined to enter partial summary judgment on [Plaintiffs'] claims for emotional distress and lost profits damages. This motion does not seek reconsideration of that portion of the order.") (internal citation omitted).

ORDERED that Defendants' Motion to Reconsider or, in the Alternative, Amend Order and Certify for Appeal (Docket No. 97) is DENIED.

DATED this 14th day of April, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge